UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-303** |
| **STATE OF LOUISIANA** | **SECTION "B"(5)** |

**REPORT AND RECOMMENDATION**

Petitioner, Terry Smith, currently incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, filed the above-captioned petition for writ of *habeas corpus*, purportedly pursuant to 28 U.S.C. § 2254.[1] (Rec. Doc. 1). The required filing fee has been paid. The petition has been given preliminary consideration and, for the reasons set forth below, the undersigned recommends dismissal without prejudice. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4.

**I.    State-court Proceedings**

Smith has submitted a lengthy, rambling *habeas* petition that contains very little factual information. From what the Court can glean from his allegations, he filed this federal *habeas* application to correct "an illegal sentencing and wrongful incarceration," stemming from his guilty plea conviction entered in the 21st Judicial District Court for the Parish of Livingston.

---

[1] Although it is certainly questionable whether Smith is entitled to any relief under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, the Court has construed the petition as one filed pursuant to 28 U.S.C. § 2254. Smith's main challenge appears to be his alleged unconstitutional state-court criminal conviction and sentence in the 21st Judicial District Court for the Parish of Livingston, although he also references ongoing state criminal proceedings in the 32nd Judicial District Court for the Parish of Terrebonne and the 40th Judicial District Court for the Parish of St. John the Baptist.

His petition also references separate criminal proceedings allegedly initiated by "illegal charge or wrongful indictment" in the 32nd Judicial District Court for the Parish of Terrebonne and the 40th Judicial District Court for the Parish of St. John the Baptist.[2] (Rec. Doc. 1, pp. 8-9, 20). As relief, he requests immediate release from confinement.

## II. Standard for *Sua Sponte* Dismissal

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nevertheless, a federal district court may dismiss a *habeas corpus* petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## III. Analysis

Smith's petition appears to be a hybrid action in the form of (1) a *habeas corpus* petition pursuant to 28 U.S.C. § 2254, to the extent he challenges a state court criminal conviction and

---

[2] Although much of his complaint is devoted to discussion of the death penalty and his petition even bears the address notation "Death Row E-6," the Court has confirmed that Terry Smith is not, in fact, on death row. These concerns apparently relate to criminal charges and proceedings against his son, Brian Smith. *See* Rec. Doc. 1-3. Brian Smith is not a party plaintiff in the instant civil case.

sentence or (2) a *habeas corpus* petition pursuant to 28 U.S.C. § 2241, to the extent he may in fact be a state-court pretrial detainee challenging ongoing criminal proceedings.[3] Initially, the Court observes that Smith may invoke 28 U.S.C. § 2254 only to challenge the constitutionality of his custody pursuant to a *judgment* of a state court, *i.e.*, the 21st Judicial District Court for Livingston Parish.  *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  In contrast, a pretrial detainee, who is not "in custody" pursuant to a state court judgment, must seek relief through 28 U.S.C. § 2241.[4] *Id.*; *see also Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011).  Therefore, Section 2254 relief is unavailable for Smith's claims that he is being held in illegal custody pursuant to any pending state court criminal charges.  In fact, different form petitions for each type of relief are available and should be used for filing in the appropriate federal court.

However, regardless of whether the petition falls under Section 2241 or Section 2254,

---

[3] Smith has not alleged that he has been convicted of the charges in these other parishes.  Nonetheless, the Court notes that his *habeas* petition would be subject to dismissal without prejudice in any event because "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."  *See* Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts.

[4] Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue a writ of *habeas corpus* in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody *pursuant to the judgment of a state court* ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

venue for this action is not proper in the Eastern District of Louisiana. A Section 2241 petition challenging present physical confinement must generally be filed in the district court where the petitioner is incarcerated, and the proper respondent is the person "who has custody" over the applicant. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (citing 28 U.S.C. §§ 2242, 2243). For a Section 2254 petition, the venue provision of §2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Smith is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, West Feliciana Parish, within the boundaries of the United States District Court for the Middle District of Louisiana. He alleges that he was convicted and sentenced in Livingston Parish, which is also located within the boundaries of the Middle District of Louisiana. 28 U.S.C. § 98(b). Thus, under no scenario would venue be proper in the Eastern District of Louisiana. The case is therefore subject to dismissal for improper venue. 28 U.S.C. § 1406(a).

The Court may dismiss the action or in its discretion transfer the action to "any district or division in which it could have been brought" if the court finds that such course of action

is "in the interest of justice." 28 U.S.C. § 1406(a). Here, the Court declines to recommend transferring the petition and instead concludes that a dismissal without prejudice is warranted for the following reasons.

The interests of justice are not served by transferring this case. Smith's petition does not comply with the Rules of Court Governing 2254 Cases in the United States District Courts. Coupled with the confusing reference to three different state court proceedings in various Louisiana courts, the rambling nature of Smith's petition makes it virtually impossible to discern the precise nature of his allegations. Plainly, his petition does not satisfy Rule 2(c) of the Rules Governing Section 2254 Cases, which provides that a petitioner must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."[5] In fact, Smith's petition contains no coherent grounds or factual support for the Court's review and disposition. The petition consists entirely of unintelligible and conclusory statements, making it impossible for the Court to determine any claims raised for adjudication, or even the particular state-court judgment to which the claims may pertain.

Similarly, Smith made no attempt to show that he has exhausted state-court remedies with respect to his claims. A *habeas* petitioner is generally required to exhaust state remedies

---

[5] Pursuant to Rule 2(c), a petition for relief under §2254 must: (1) specify all the grounds of relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner. Rule 2(d) of the Habeas Rules further provides that the petition must substantially follow either the form appended to the Rules or that prescribed by local rule.

whether the action is brought under 28 U.S.C. § 2241 or 28 U.S.C. § 2254.  *Dickerson*, 816 F.2d at 225.  Given the incomprehensible state of the petition and Smith's almost certain failure to exhaust his claims for relief, the Court determines that this *habeas* petition should be dismissed without prejudice.  The determination not to transfer the case and the dismissal without prejudice does not preclude Smith from pursuing *habeas* relief in the proper forum and appropriate manner in compliance with local rules in the Middle District of Louisiana.

## RECOMMENDATION

**IT IS RECOMMENDED** that Smith's application for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE**. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[6]

New Orleans, Louisiana, this  8th  day of _____March_____, 2016.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[6] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.